Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8745 | **DATE** | December 19, 2011 |
| **CASE TITLE** | Olguin vs. AT&T, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [4]) to proceed *in forma pauperis* is denied. Plaintiff must pay the $350 filing fee within thirty (30) days of the date of this Order to avoid the dismissal of his complaint. Plaintiff's motion (Doc [5]) for appointment of counsel is denied.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This case comes before the Court on the motions of Plaintiff Francisco Olguin ("Olguin") to proceed *in forma pauperis*, without prepayment of fees, and for appointment of counsel. For the reasons stated below, the Court denies both motions.

A litigant may proceed *in forma pauperis* if the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). According to Olguin's financial affidavit, he was most recently employed from June 2001 until July 2010, and earned approximately $30 per hour. Olguin received $1,300 in unemployment benefits for three months. Olguin's other assets include a 2006 vehicle worth approximately $16,000 and a home worth approximately $350,000. Olguin makes monthly mortgage payments of $1,100 and provides housing to his mother who receives approximately $6,000 per year in social security benefits. Olguin also maintains a checking or savings account with a $5,000 balance. Because Olguin has $5,000 in a bank account, Olguin is able to pay the costs of commencing this action. The Court therefore denies Olguin's motion to proceed *in forma pauperis*.

As to Olguin's motion for appointment of counsel, a district court, in its discretion, may request that an

| ORDER |
|---|

attorney represent a party if the party is unable to afford or obtain counsel and the party is unable to represent himself competently. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). A court may grant a motion for appointment of counsel if: (1) the indigent plaintiff has made a reasonable attempt to obtain counsel, or has been effectively precluded from doing so; and (2) given the difficulty of the case, the plaintiff is not competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court denies Olguin's motion for appointment of counsel for two reasons. First, Olguin has not demonstrated that he is indigent. Second, this employment discrimination case does not present sufficiently difficult issues which would prevent Olguin, a high school graduate, from representing himself. Accordingly, Olguin's motion for appointment of counsel is denied.

Date: December 19, 2011

CHARLES P. KOCORAS
U.S. District Judge